IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FREDERICK T. RAY, III          :          CIVIL ACTION
                               :
          v.                   :
                               :
SGT. THOMAS A. MADONNA, et al. :          NO. 04-cv-00805-JF


MEMORANDUM

Fullam, Sr. J.                                November 9, 2010

          At an earlier stage of the proceedings, I granted the

defendants' motion to dismiss, noting that plaintiff had failed

to respond to the motion.  The plaintiff appealed, and a panel of

the Third Circuit Court of Appeals reversed.  Upon remand, I

converted the defense motion, which was accompanied by a

significant amount of evidentiary material, into a motion for

summary judgment under Fed. R. Civ. P. 56.  The plaintiff was

granted several extensions of time in order to conduct discovery

and respond to the motions.

          This case, along with a number of others, arose from

the plaintiff's pretrial detention at the Chester County Prison.

In this action, the plaintiff alleged that he was assaulted by

members of the prison's Cell Extraction Unit, who forcibly

removed the plaintiff from his cell and confiscated his legal

property.  The plaintiff alleged that he was injured during the

extraction and wrongly found guilty of misconduct despite not

receiving written notice of the misconduct charge against him.

The defendants moved for dismissal of the complaint on several grounds, the first being that the plaintiff failed to exhaust his administrative remedies as required by statute. 42 U.S.C. § 1997(e). According to the defendants and to the allegations of the complaint, the plaintiff did file an initial grievance, but he did not follow the prison's required internal process by filing an appeal with the warden within three weeks of the denial of his grievance.

In his response to the summary judgment motion, the plaintiff states that he did not in fact file a grievance, because the grievance form was denied to him. In his complaint, however, the plaintiff requested initial review on January 28, 2004; he asked the prison authorities to "investigate grievance of being assaulted"; the response he received was "denied"; and no further review was sought.

The plaintiff has attached to the summary judgment response several inmate requests, in which he writes that he was assaulted and his legal property was confiscated and requests grievance forms. According to the prison's policy, a grievance is initiated by the submission of an inmate request slip to the grievance officer, who forwards an official inmate complaint form if the complaint contains valid grievance issues. The complaint is then investigated, and a decision provided, after which the inmate has three weeks to appeal in writing to the warden.

Regardless of whether the plaintiff properly alleged that he was denied the opportunity to file a grievance, the evidence submitted demonstrates that the plaintiff filed numerous inmate request forms during the relevant time period, and no evidence that he tried to appeal to the warden from the denial of any of these requests or from a request for a grievance form. The plaintiff's failure to exhaust his administrative remedies is fatal to his case. Jones v. Bock, 549 U.S. 199, 211 (2007) (holding that "exhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court").

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
Fullam,          Sr. J.